UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN CUNNINGHAM,

               Plaintiff,

       -against-

SILVERSTEIN PROPERTIES-INC., *et al.*,

            Defendants.

24-CV-2342 (LTS)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

On August 2, 2016, because of Plaintiff's "unauthorized, repetitive, and frivolous litigation," District Judge Deborah A. Batts issued a pre-filing injunction barring Plaintiff from filing "any additional papers or lawsuits without permission of the Court." *See Cunningham v. USMS*, No. 05-CV-10169, 236 (DAB), (S.D.N.Y. Aug. 2, 2016), *appeal dismissed*, No. 16-3222 (2d Cir. Dec. 27, 2016). Plaintiff has also been the subject of additional filing bars.[1]

Plaintiff originally filed this new action *pro se* in the United States District Court for the District of New Jersey, which transferred it here. Plaintiff alleges that on November 9, 2020, he was "detained" for trespass when he accompanied the process server attempting to serve his

---

[1] In May 2018, the United States Court of Appeals for the Second Circuit imposed a "leave-to-file sanction." *Cunningham v. Bordley*, No. 17-2435 (2d Cir. May 10, 2018). In October 2018, then-Chief Judge McMahon enjoined Cunningham from continuing his repeated litigation of claims arising from an incident in 2005, and restated Judge Batts's injunction, noting that failure to comply could result in sanctions and monetary penalties. *In re Benjamin Cunningham*, No. 17-CV-7809, 20 (S.D.N.Y. Oct. 10, 2018). Plaintiff has since brought several actions in New Jersey, that were transferred to this district on the basis of improper venue. *See Cunningham v. Port Auth. of NY/NJ Agency*, No. 23-CV-2542 (PAE) (S.D.N.Y. July 25, 2023) (plaintiff was directed to show cause "why the Court should allow him to litigate this action despite what appears to be his attempt to evade" the filing injunctions "by initially filing this action in the District of New Jersey," and the court ultimately dismissed the action without prejudice for his failure to show cause); *Cunningham v. Port Auth. Agency of NJ State & NY. State*, No. 22-CV-6236, 116 (JMF) (S.D.N.Y. Sept. 28, 2022) (leave to file denied as to action transferred from the District of New Jersey), *appeal dismissed*, No. 22-2653 (2d Cir. Jan. 26, 2023) (holding that the appeal did "not depart from [Cunningham's] prior pattern of vexatious filings").

summons and complaint on the Port Authority of New York & New Jersey, and that he was issued a "fake trespass notice."[2] (ECF 1 at 3.) Plaintiff seeks *in forma pauperis* status and has not sought leave to bring this action. The Court therefore dismisses the action without prejudice for Plaintiff's failure to comply with the August 2, 2016 order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   March 28, 2024
            New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge

---

[2] The "Trespass Admonition" attached to the complaint is dated November 9, 2020, and states that a representative of "Tower 3 and Tower 4" advised Plaintiff that he is not authorized to return and, that if he does so, he can be prosecuted for criminal trespass; the notice cannot be revoked without written authorization from the Director of Loss Prevention or store manager. (ECF 1 at 10.)